Gloria Friedlander Faria v. Commissioner.
Faria v. Commissioner
Docket No. 2660.
United States Tax Court
1945 Tax Ct. Memo LEXIS 336; 4 T.C.M. (CCH) 65; T.C.M. (RIA) 45027; January 22, 1945
*336 The proof failing to establish ownership of certain property in the alleged transferor at the date of the transfer and the proof not establishing that such transfer rendered the transferor insolvent, Held, petitioner is not liable as transferee of such property. Howard C. Ellis, Esq., 111 Sutter St., San Francisco, Calif., for the petitioner. T. M. Mather, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a liability of $6,000, plus interest, against the petitioner as transferee of the assets of Norton Friedlander. The basic issue is the liability of the petitioner as transferee of such assets. The determination turns in part on the question of the transferor's insolvency on October 15, 1934, the date of the transfer of the assets to Wenonah Niles, the grantor of the property to the petitioner, and immediately thereafter. The taxes in controversy, the basis of the alleged transferee liability of the petitioner, are deficiencies in the income taxes of Norton Friedlander for the years 1928 to 1933, both inclusive, with penalties thereon totaling $14,710.18 on February 6, 1937, the date of the jeopardy assessment. *337 Such taxes are outstanding and unpaid. The alleged transferee liability of the petitioner is limited to $6,000, the claimed value of assets alleged to have been received by the petitioner as transferee of Wenonah Niles, who is alleged to be the transferee of Norton Friedlander. [The Facts] The petitioner, nee Gloria Friedlander, is an individual residing in San Francisco, California. She and the transferors involved in this proceeding all filed their income tax returns for the respective period with the collector of internal revenue for the first district of California. The notice of jeopardy assessment and penalties and the alleged transferee liability was mailed to her on May 21, 1943. The petitioner was born on November 20, 1921, and is the daughter of Norton Friedlander and Lavell Friedlander, and the granddaughter of Rebecca Friedlander, Norton Friedlander's mother. Lavell Friedlander died on January 5, 1926, and Rebecca Friedlander died on September 28, 1934. The petitioner lives at 425 Second Avenue, San Francisco, California, the property involved herein. The various transfers of the property with respective dates of recording, are as follows: May 23, 1925
F. H. & R. G. Bressi and W. H.
& E. L. McMorry to Lavell
Friedlander.
Jan. 21, 1926
Lavell Friedlander to Norton
Friedlander
Jan. 22, 1926
Norton Friedlander to Rebecca
Friedlander
Oct. 19, 1928
Rebecca Friedlander to Wenonah
Niles
Sept. 8, 1931
Wenonah Niles to Rebecca Fried-
Lander
Sept. 29, 1934
Rebecca Friedlander to Norton
Friedlander
Oct. 19, 1934
Norton Friedlander to Wenonah
Niles
Apr. 7, 1942
Wenonah Niles to Gloria Fried-
lander
*338 In May 1925, Norton Friedlander and his wife, Lavell Friedlander, purchased the property, chiefly with the proceeds of insurance on the life of Mrs. Friedlander's former husband. The conveyance was made to her. Just prior to her death she conveyed the property to her husband who, the next day, conveyed it to his mother. The transfer by Rebecca to Wenonah Niles and back to Rebecca covered a pledge of the property to secure a loan to Rebecca in 1928. About 1932 a mortgage of $8,000 on the property was paid off with money provided by Rebecca Friedlander. Rebecca Friedlander was in poor health for some years before her death in 1934. The petitioner took care of her and was told by her grandmother that she would inherit all of her property. Rebecca Friedlander had had trouble with a daughter who, she feared, would attempt to prevent the petitioner from becoming her sole heir. Accordingly, she executed the deed of September 29, 1934 to Norton Friedlander for the purpose of holding the property for the petitioner. She also executed a will naming the petitioner as sole beneficiary. Norton Friedlander on October 19, 1934, transferred the property to Wenonah Niles, a family friend, to hold *339 during petitioner's minority. On April 7, 1942, Wenonah Niles transferred the property to the petitioner. On October 15, 1934, Norton Friedlander was solvent. The conveyance of the property to Wenonah Niles by deed of that date and recorded on October 19, 1934, did not render him insolvent. From October 15, 1934, to April 7, 1942, the date of the transfer of the property to the petitioner Wenonah Niles held and operated the property for the benefit of the petitioner, pursuant to the desires of Rebecca Friedlander, and to Mrs. Niles' understanding of the use and disposition of the property. Norton Friedlander used what little rent, if any, which he received from September 29, 1934, to October 15, 1934, for his daughter's benefit. Since the latter date, no rents have come into his possession or have been retained by him. At no time since January 22, 1926, has Norton Friedlander ever held more than the bare legal title to the property. Wenonah Niles transferred the property to the petitioner because she desired to carry out the instructions of Rebecca Friedlander and the petitioner was about to become of age. The petitioner was not the transferee of the assets of Nortom Friedlander *340 and did not receive, without consideration, any property from him at a time when he was insolvent or by a transfer which rendered him insolvent. The above findings are dispositive of the case and little need be added by way of comment. Petitioner received no property from her father, Norton Friedlander. The property in question had belonged to petioner's grandmother from 1926 until approximately the date of her death, regardless of record transfers. The transfer by Rebecca Friedlander to Wenonah Niles and that from Wenonah Niles back to Rebecca Friedlander related to a pledge of the property to secure a loan by Mrs. Niles to Mrs. Friedlander made in 1928. The transfer by Rebecca Friedlander to Norton Friedlander, with the almost immediate re-transfer by Norton Friedlander to Wenonah Niles, were both in accord with the purpose and intent of the grandmother that her property would ultimately go to the petitioner. The collateral facts all support this conclusion. There is no basis for respondent's action in determining petitioner to be a transferee of the property of Norton Friedlander. All real interest that he had in the property in question disappeared in 1926. It is perhaps unnecessary *341 to discuss the question of insolvency and the proof thereof but suffice it to say that the record does not establish respondent's allegation that the transfer by Norton Friedlander to Wenonah Niles rendered Norton Friedlander insolvent and that the transfer by Wenonah Niles to petitioner rendered Wenonah Niles insolvent, on both of which points the burden of proof was on the respondent. Decision of no transferee liability will be entered.